*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CAROLINE R. STACY,

Plaintiff-Appellant,

v

JAMES A. STACY,

Defendant-Appellee.

UNPUBLISHED
March 17, 2022

No. 353757
Kent Circuit Court
LC No. 19-005798-DO

Before: RIORDAN, P.J., and K. F. KELLY and SWARTZLE, JJ.

PER CURIAM.

In this action for separate maintenance through a proposed consent judgment, plaintiff appeals as of right the trial court's order dismissing the case and refusing to enter the consent judgment. We reverse and remand to the trial court for further proceedings.

## I. FACTS

Plaintiff filed a complaint for separate maintenance from defendant, stating that there had been a breakdown in the marriage relationship with no reasonable likelihood that the marriage could be preserved. Defendant answered *in pro per* and admitted all allegations, and an attorney was subsequently appointed on his behalf by the trial court.

Plaintiff submitted a proposed consent judgment to the trial court that would transfer 100% of defendant's two pensions to plaintiff. A referee recommended that the case be dismissed because the division of the assets reflected in the proposed consent judgment was not fair or equitable to defendant, and the referee also stated that it did not appear that the parties wanted to be separated but instead only wanted to qualify defendant for Medicaid benefits. The trial court effectuated the referee's recommended order, reasoning as follows:

> [T]he Court had significant concerns that transfer to Plaintiff of 100% of Defendant's Lockheed Mead Pension and 100% of Defendant's General Motors Pension was a fair and equitable distribution for the parties' assets.

\* \* \*

-1-

Attorney Esch's [defendant's attorney] opinion stated it was not in the Defendant's best interest to relinquish all his assets to the Plaintiff since future contingencies regarding care left Mr. Stacy in a precarious position and without assurances that he could maintain his needed level of care. FURTHER, it does not appear the parties want to be "separated" by this filing, and it is only done in an attempt to qualify for Medicaid services or other such government assistance.

Plaintiff objected to the recommended order and requested that the trial court conduct a de novo review of the case. After a hearing, the trial court denied plaintiff's objection and dismissed the case. This appeal followed.

## II. DISCUSSION

Plaintiff argues that the trial court erred by not entering the proposed consent judgment and instead dismissing the case for fair and equitable concerns when it was not permitted to take those considerations into account. We agree.

"A consent judgment is in the nature of a contract, and is to be construed and applied as such." *Laffin v Laffin*, 280 Mich App 513, 517; 760 NW2d 738 (2008). The interpretation of contractual language is reviewed de novo. *Rose v Rose*, 289 Mich App 45, 49; 795 NW2d 611 (2010). Equitable issues in a divorce or separate maintenance action are also reviewed de novo. See *Kaftan v Kaftan*, 300 Mich App 661, 665; 834 NW2d 657 (2013).

An action for separate maintenance is filed "in the same manner and on the same grounds as an action for divorce." MCL 552.7(1). The trial court may grant separate maintenance only "[i]f evidence is presented in open court that there has been a breakdown in the marriage relationship to the extent that the objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage can be preserved . . . ." MCL 552.7(4).

In this case, plaintiff alleged, and defendant admitted, that there had been a breakdown in the marriage relationship and that there was no reasonable likelihood that the marriage could be preserved. Even though the trial court stated that it did "not appear the parties want[ed] to be separated by this filing," plaintiff indicated that she did not want to live in the nursing home with defendant, and there is nothing in the record to substantiate that the parties did not otherwise meet the statutory requirement for separate maintenance. In our view, the undisputed fact that plaintiff did not want to live with defendant was sufficient to satisfy MCL 552.7(4). See *Grotelueschen v Grotelueschen*, 113 Mich App 395, 398-399; 318 NW2d 227 (1982), superseded on other grounds by 10 USC 1408(c)(1) ("If either party in a marriage relationship is unwilling to live together, then the objects of matrimony have been destroyed."). Further, pursuant to MCL 552.101(3)(b), each "judgment of separate maintenance shall determine all rights, including any contingent rights, of the husband and wife in and to . . . [a]ny accumulated contributions in any pension, annuity, or retirement benefits." Accordingly, because the parties satisfied MCL 552.7(4), the pension benefits became subject to division in a judgment of separate maintenance. See MCL 552.18(1).

With regard to the trial court's reasoning that the proposed consent judgment was inequitable, this Court in *Andrusz v Andrusz*, 320 Mich App 445; 904 NW2d 636 (2017), considered whether a trial court's order clarifying the terms of the parties' consent judgment to

divorce, to achieve an equitable result, was permissible. *Andrusz* held that a trial court may modify a judgment of divorce when the "divorce judgment [was] entered by the court after a contested action, [but] *not* in the context of tampering with the parties' consent judgment." *Id*. at 452-453 (emphasis in original). Instead, a trial court may only modify a consent judgment "with the consent of the parties, at least in the absence of fraud, mistake, illegality, or unconscionability." *Id*. at 453. Moreover, "a consent judgment of divorce is a contract that must be interpreted according to the plain and ordinary meaning of its terms," and the "court may not rewrite clear and unambiguous language under the guise of interpretation." *In re Lett Estate*, 314 Mich App 587, 600; 887 NW2d 807 (2016) (quotation marks and citations omitted). See also *Lentz v Lentz*, 271 Mich App 465, 474; 721 NW2d 861 (2006) ("It is a well-settled principle of law that courts are bound by property settlements reached through negotiations and agreement by parties to a divorce action, in the absence of fraud, duress, mutual mistake, or severe stress which prevented a party from understanding in a reasonable manner the nature and effect of the act in which she was engaged."). Although *Andrusz*, *Lett Estate*, and *Lentz* concerned divorces, we discern no reason why the reasoning therein would not apply in the context of separate maintenance as well. See MCL 552.7(1) ("An action for separate maintenance may be filed in the circuit court in the same manner and on the same grounds as an action for divorce.").

In this case, the proposed consent judgment for separate maintenance stated that plaintiff would be "awarded 100% of the amount in the Defendant's retirement accounts, pursuant to the parties' settlement agreement." The trial court stated that it did not know if defendant "understood the nature of the documents that [he was] presented" and that it "[did] not find that [those documents] were fair and equitable." However, the trial court did not make a finding that the proposed consent judgment was agreed to by the parties through fraud, mistake, illegality, or some unconscionability.[1] Without making a finding that the proposed consent judgment was entered into through fraud, mistake, illegality, or some unconscionability, the trial court was not permitted to modify, and deny, the proposed consent judgment in order to obtain an equitable result, and, therefore, it erred by not entering it. In other words, because the parties essentially entered into a property settlement, the trial court erred by not effectuating it. See *Lentz*, 271 Mich App at 474.[2]

---

[1] At the February 14, 2020 hearing on plaintiff's objection, defendant's attorney stated, "I met with Mr. Stacy and he was delightful, but he did acknowledge he had no representation, really had no idea what he was signing." However, in the written report submitted to the trial court by defendant's attorney on January 8, 2020, defendant's attorney stated that defendant "said he knew he was transferring all of his assets to his wife. He said 'You have to trust someone and they have never had a financial problem with her at the helm all these years.' " The written report added that "[t]he Plaintiff visits the Defendant every day." On this conflicting record, it is far from clear that the proposed consent judgment was obtained by fraud, mistake, illegality, or some unconscionability.

[2] We note that at least one other court, the Iowa Supreme Court, has allowed enforcement of a separate maintenance judgment with the "acknowledged purpose" of reducing one spouse's income below the limit for Medicaid benefits so he can remain in a nursing home. See *Clark v Iowa Dep't of Human Servs*, 555 NW2d 472, 473 (Iowa, 1996). Whether and to what extent such

### III. CONCLUSION

We reverse the trial court's order declining to enter the proposed consent judgment and remand to that court for further proceedings consistent with our opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Brock A. Swartzle

---

a judgment may actually reduce income for Medicaid purposes, or if it even is an issue with the parties before us is unclear. These are separate questions that we do not address today. See *id*. at 474-475.